IN THE UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 27 2012
J T NOBLIN CLERK
BY_____ DEPUTY

| | |
|---|---|
| SARAH OLIER, | * * * |
| Plaintiff, | * * |
| vs. | * * CASE NO. 1:12cv61 HSO-RHW |
| WALMART STORES, INC. | * * |
| Defendant. | * |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, LP ("Wal-Mart"), incorrectly identified as "Wal-Mart Stores, Inc.", gives notice pursuant to 28 U.S.C. § 1441 and § 1446 that this cause is hereby removed from the County Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1.   An action was commenced against the Defendant Wal-Mart in the County Court of Harrison County, Mississippi, entitled *Sarah Olier vs. Wal-Mart Stores, Inc.*, Civil Action No. D2402-11-996. The documents attached hereto as (Exhibit "A") constitute all of the process, pleadings and orders served upon Defendant in this action.

2.   According to the County Clerk's office for the County Court of Harrison County, Mississippi, service of the initial pleading setting forth the Plaintiffs' claims for relief was affected upon Wal-Mart January 5, 2012. For Defendant, service was the first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within thirty days after the receipt of other paper from which it was first ascertained that the case was one which was or had become removable by Defendant, in accordance with 28 U.S.C. § 1446(b)(3). The County Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff Sarah Olier is now, and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, an individual with her principal address in Mississippi. (Complaint, ¶ I.) Defendant, Wal-Mart Stores, Inc., is now, and was at the commencement of this action, a foreign corporation organized under the laws of the state of Delaware with its principal place of business in the state of Arkansas. Defendant Wal-Mart Stores East, L.P. is now, and was at the time of the commencement of this action, a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC is incorporated in Delaware with its principal place of business in Arkansas. WSE Investment, LLC is incorporated in Delaware with its principal place of business in Arkansas.

6. The Plaintiff's Complaint seeks unspecified compensatory damages for Wal-Mart's alleged negligence. (Complaint, unnumbered paragraph following ¶ VIII.) The Plaintiff avers that as a proximate cause of the alleged conduct, Sarah Olier was caused to endure left

knee surgery, back injuries, and incurred "large medical bills", lost wages, and "painful, permanent and serious injuries sufferings and damages. (Complaint, ¶s IV. – VIII.).

7. In her Complaint, Plaintiff did not request a specific amount of damages. Therefore, on January 19, 2012, Wal-Mart propounded requests for admissions to Plaintiff as to the amount in controversy. On February 15, 2012, the Plaintiff filed her answer denying that the damages did not exceed $75,000.00, denying that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, and otherwise answering in a manner establishing that the jurisdictional amount in controversy had been met (Exhibit "B").

8. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which United States District Courts have original jurisdiction under 28 U.S.C. § 1332(a).

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the County Court of Harrison County, Mississippi, and written notice of this removal has been served on all adverse parties as required by law.

10. If any questions arise as to the propriety of the removal of this action, the removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, Defendant, Wal-Mart Stores East, LP, desiring to remove this cause to the United States District Court for the Southern District of Mississippi, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that this Court will make any and all orders necessary to effect the removal of this cause from the County Court of Harrison County, Mississippi, and to effect and prepare in this Court the true

record of all proceedings that may have been had in the County Court of Harrison County, Mississippi.

DATED this 24th day of February.

_____
W. PEMBLE DELASHMET  (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
Attorneys for Wal-Mart Stores East, LP.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

### CERTIFICATE OF SERVICE

I hereby certify that I have on this day February 24, 2012, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Walter L. Nixon, Jr.
Post Office Box 409
Biloxi, MS 39533

_____
OF COUNSEL