# IN THE COUNTY COURT FOR THE SECOND JUDICIAL DISTRICT
## HARRISON COUNTY, MISSISSIPPI

**Sarah Olier**

**PLAINTIFF**

VS.

CASE # D2402-11-996

Wal-Mart Stores, Inc

**DEFENDANT**

### CLERK'S CERTIFICATE

**STATE OF MISSISSIPPI**
**COUNTY OF HARRISON**

I, Gayle Parker, the duly elected, qualified and acting County clerk of Harrison

County, Mississippi, do herby certify that the foregoing pages are and constitute a full,

true, and correct copy of the proceedings in regard to the above-entitled case, as of this

day.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE** this the

22 day of February 2012.

(SEAL)

GAYLE PARKER
CLERK OF COUNTY COURT OF
HARRISON, MISSISSIPPI

By: _____ D.C.

**EXHIBIT A**

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

SARAH OLIER                                                    PLAINTIFF

VERSUS                                          CAUSE NO.: D2402-11-996

WALMART STORES, INC.                                          DEFENDANT

## NOTICE OF SERVICE OF RESPONSES TO REQUESTS FOR ADMISSIONS

NOTICE IS HEREBY GIVEN, Plaintiff in the above styled and numbered Cause has this date served the Defendant the following:

1. Plaintiff's Response to Defendant's Requests for Admissions.

RESPECTFULLY SUBMITTED, this the 15th day of February 2012.

SARAH OLIER, PLAINTIFF

By: ___/s/ Walter L. Nixon Jr.___
WALTER L. NIXON JR., ESQ.

PREPARED AND PRESENTED BY:

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

### CERTIFICATE OF SERVICE

I, Walter L. Nixon Jr., do hereby certify that I have this day mailed a true and correct copy of the above and foregoing Notice of Service to Defendant's counsel via U.S. Mail to the following address:

W. Pemble Delashmet
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652

/s/ *Walter L. Nixon Jr.*
WALTER L. NIXON JR.

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS  39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

SARAH OLIER                                                           PLAINTIFF

VERSUS                                            CAUSE NO.: D2402-11-996

WALMART STORES, INC.                                            DEFENDANT

## NOTICE OF SERVICE OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

NOTICE IS HEREBY GIVEN, Plaintiff in the above styled and numbered Cause has this date served the Defendant the following:

1. Requests for Admissions;

2. Interrogatories; and

3. Requests for Production of Documents.

RESPECTFULLY SUBMITTED, this the 14th day of February 2012.

SARAH OLIER, PLAINTIFF

By:   /s/ *Walter L. Nixon Jr.*
WALTER L. NIXON JR., ESQ.

PREPARED AND PRESENTED BY:

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

## CERTIFICATE OF SERVICE

I, Walter L. Nixon Jr., do hereby certify that I have this day mailed a true and correct copy of the above and foregoing Notice of Service to Defendant's counsel via U.S. Mail to the following address:

W. Pemble Delashmet
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652

/s/  *Walter L. Nixon Jr.*
WALTER L. NIXON JR.

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

2

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

SARAH OLIER                                                         **PLAINTIFF**

VERSUS                                         CAUSE NO.: D2402-11-996

WALMART STORES, INC.                                    **DEFENDANT**

## NOTICE OF SERVICE OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

NOTICE IS HEREBY GIVEN, Plaintiff in the above styled and numbered Cause has this date served the Defendant the following:

1. Requests for Admissions;

2. Interrogatories; and

3. Requests for Production of Documents.

RESPECTFULLY SUBMITTED, this the 14th day of February 2012.

SARAH OLIER, PLAINTIFF

By: ___/s/ *Walter L. Nixon Jr.*___
WALTER L. NIXON JR., ESQ.

*PREPARED AND PRESENTED BY:*

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

## CERTIFICATE OF SERVICE

I, Walter L. Nixon Jr., do hereby certify that I have this day mailed a true and correct copy of the above and foregoing Notice of Service to Defendant's counsel via U.S. Mail to the following address:

W. Pemble Delashmet
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652

/s/ *Walter L. Nixon Jr.*
WALTER L. NIXON JR.

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

SARAH OLIER                                                      PLAINTIFF

VERSUS                                           CAUSE NO.: D2402-11-996

WALMART STORES, INC.                                          DEFENDANT

## NOTICE OF SERVICE OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT

NOTICE IS HEREBY GIVEN, Plaintiff in the above styled and numbered Cause has this date served the Defendant the following:

1. Requests for Admissions;

2. Interrogatories; and

3. Requests for Production of Documents.

RESPECTFULLY SUBMITTED, this the 14th day of February 2012.

SARAH OLIER, PLAINTIFF

By: ___/s/ Walter L. Nixon Jr.___
WALTER L. NIXON JR., ESQ.

PREPARED AND PRESENTED BY:

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

1

## CERTIFICATE OF SERVICE

I, Walter L. Nixon Jr., do hereby certify that I have this day mailed a true and correct copy of the above and foregoing Notice of Service to Defendant's counsel via U.S. Mail to the following address:

W. Pemble Delashmet
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652

/s/ *Walter L. Nixon Jr.*
WALTER L. NIXON JR.

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

# IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI, SECOND JUDICIAL DISTRICT

SARAH OLIER,       *

      *

    Plaintiff,       *

      *       CASE NO. D2401-11-996

vs.       *

      *

WALMART STORES, INC.       *

      *

    Defendant.       *

## NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P. (incorrectly identified as "WalMart Stores, Inc.), gives notice to the court that the following discovery has been served on the Plaintiff:

1.     Wal-Mart's First Set of Interrogatories and Request for Production to Plaintiff;

2.     Wal-Mart's Second Set of Discovery to Plaintiff

Respectfully submitted on January 19, 2012.



W. PEMBLE DELASHMET (MS #8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS# 102752)
ccm@delmar-law.com
Attorneys for Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

FILED

JAN 20 2012

GAYLE PARKER
CIRCUIT CLERK

SCANNED BY:

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day January 19, 2012, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Walter L. Nixon, Jr.
Post Office Box 409
Biloxi, MS 39533

OF COUNSEL

# DeLashmet
# Marchand, P.C.
### ATTORNEYS AT LAW

Anne M. Cunningham
amc@delmar-law.com

January 19, 2012

Gayle Parker
County Court of Harrison County, Mississippi, 2nd Judicial District
Post Office Box 235
Biloxi, MS 39533

      Re:    ***Olier, Sarah v. Wal-Mart Stores***
              **County Court of Harrison County, Mississippi, 2nd Judicial District**
              **Case Number:  D2401-11-996**

Dear Ms. Parker:

      Please find enclosed the original answer and notice of service of discovery to plaintiff that I ask you to file in your court.  Also enclosed is a copy of each that I request you stamp filed and return in the envelope provided.

      Thank you for your assistance in this matter.

                              Very truly yours,

                              Anne M. Cunningham
                              Paralegal

/amc

Enclosure(s)

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI, SECOND JUDICIAL DISTRICT

SARAH OLIER,                         *
                                     *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *        CASE NO. D2401-11-996
                                     *
WALMART STORES, INC.                 *
                                     *
        Defendant.                   *

\* \* \* \* \* \*

### ANSWER

Defendant Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart"), incorrectly identified as "WalMart Stores, Inc.", answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

### I.

Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency and, therefore, must deny the same.

### II.

Wal-Mart Stores East, L.P. denies it is a foreign corporation, but admits it is a Delaware limited partnership with its principal place of business in Arkansas. Wal-Mart does business in various places in Mississippi and operated the store in D'Iberville, Mississippi, and may be served via its registered agent. Wal-Mart Stores, Inc. admits it is a Delaware corporation authorized to do business in Mississippi and may be served via its registered agent. However, Wal-Mart Stores, Inc. denies any involvement in the alleged incident giving rise to this action, and denies it was the owner or operator of the premises where this incident occurred.

FILED

JAN 20 2012

GAYLE PARKER
CIRCUIT CLERK
BY_____ D.C.

III.

Wal-Mart Stores East, L.P. admits that Plaintiff, Sarah Olier, was on its premises at the Wal-Mart store located in D'Iberville, Mississippi, on or about April 30, 2011, and that Plaintiff was involved in an incident. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's status as a "business invitee", the allegations relating to the details of the incident, or the allegations concerning Plaintiff's injuries and damages, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

IV.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

V.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

VI.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and specifically denies its conduct was the direct and proximate cause of Plaintiff's alleged injuries and damages, if any, and demands strict proof thereof.

VII.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies its conduct was the direct and proximate cause of Plaintiff's alleged injuries and damages, if any, and denies it was negligent and demands strict proof thereof. Wal-Mart admits the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies its conduct constituted negligence, and denies it breached any duty to Plaintiff. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

VIII.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations contained in the unnumbered paragraph following paragraph VIII. which begins "Wherefore" and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1.   Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.   Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains, and, therefore, under Mississippi law is not entitled to recover any damages.

3.   The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Mississippi law.

4.   Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5.   No act or omissions of this defendant was the proximate cause of any injury to Plaintiff.

6.   Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7.   Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.   Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9.   Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10.   Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this defendant.

11.     Plaintiff's complaint against Wal-Mart Stores, Inc., fails to state a claim against it upon which relief can be granted.

12.     Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on January 19, 2012.

W. PEMBLE DELASHMET  (MS #8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS# 102752)
ccm@delmar-law.com
Attorneys for Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day January 19, 2012, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Walter L. Nixon, Jr.
Post Office Box 409
Biloxi, MS 39533

OF COUNSEL

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

SARAH OLIER                                                    **PLAINTIFF**

VERSUS                                          CAUSE NO.: D2402-11-996

WALMART STORES, INC.                                          **DEFENDANT**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HARRISON

TO:     Walmart Stores, Inc.
        702 SW 8th Street, Dept. 8687, M.S. #0555
        Bentonville, AR 72716

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Walter L. Nixon, Jr.**, the Attorney for the Plaintiff, whose address is **Post Office Box 409, Biloxi, Mississippi  39533**.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint, or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this court within thirty (30) days.

Issued under my hand and seal of said Court, this the 3rd day of January 2012.

                    GAYLE PARKER, CIRCUIT COURT CLERK

        By:     _____D.C.
                HARRISON COUNTY, MISSISSIPPI
                Second Judicial District
                Post Office Box 235
                Biloxi, MS 39533
                (228) 435-8276
                (228) 435-68277 (Fax)



IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

SARAH OLIER

VERSUS

WALMART STORES, INC.

PLAINTIFF

CAUSE NO.: D2402-11-99 6

DEFENDANT

FILED
DEC 0 7 2011
GAYLE PARKER
CIRCUIT CLERK
By _____ D.C.

COMPLAINT

NOW COMES Plaintiff, SARAH OLIER, by and through her undersigned attorney, Walter L. Nixon, Jr., and files this her Complaint against the Defendant, WALMART STORES, INC., and in support hereof would show unto the Court the following:

**I.**

Plaintiff is, and was, at the time of her injuries which are the subject hereof, an adult resident citizen of the Second Judicial District of Harrison County, Biloxi, Mississippi.

**II.**

The Defendant, WALMART STORES, INC., is a Corporation organized and existing under the laws of the state of Mississippi, whose registered address is 702 SW 8th Street Dept. 8687, M.S. #0555, Bentonville, AR 72716, and whose registered agent for service of process is C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232, where it may be served with process of this Court.

**III.**

On or about April 30, 2011 at approximately 4:30 p.m., Plaintiff was a business invitee of the Defendant, having gotten out of her vehicle into

1


SCANNED

Defendant's store in D'Iberville, leaving her vehicle in the parking lot and while approaching Defendant's store to shop, her right foot fell into a pot hole approximately thirty (30) feet from the entrance on Isle 4 and landed on her left knee, causing her to sustain serious injuries to her left knee requiring surgery as well as injury to her back. The serious injury to the knee resulted in swelling and pain. She went to the emergency room at Biloxi Regional Medical Center where she was initially treated, prescribed medication for pain and a muscle relaxer, and received medical advice. Her knee was placed in an ace bandage and she was told to call an orthopedist, which she did. In addition, she suffered a mild bilateral facet effusions and ligamentum flavum hypertrophy at L4-5; minimal bilateral L3-4; and L1-2 facet effusions, and moderate posterior disc protrusion and small left paracentral anular tear at L5-S1, as well as bilateral L5-S1 facet arthropathy.

### IV.

Plaintiff saw an orthopedic surgeon but the extent of the damage to her knee could not be ascertained because it was swollen and painful. She was prescribed medication for inflammation and told to remain on the pain medicine she was prescribed in the emergency room and to keep ice on her knee. She was administered a cortisone shot in the left knee and was told to stay off it for an additional three (3) weeks and to continue to keep ice on it because she was still in a great deal of pain.  She was then sent for an MRI. After the MRI was taken, which showed degenerative changes on the medial side, she underwent left knee surgery by Dr. Noblin, which consisted of arthoscopy of the left knee and depridement of the medial femoral condyle and patellar chondrotlasty under

general anesthesia at the Cedar Lake Surgery Center. The operation showed an incision of a fairly large plica that occurred immediately and went into the intermeniscal.

## V.

Plaintiff's injury to the left knee was very painful. She still suffers pain at this time. In addition, she suffers pain from disc injuries revealed in an MRI.

## VI.

Plaintiff has incurred large medical bills for treatment of her injuries, in particular the surgery, and was unable to work for a long period of time at Keesler Federal Credit Union where she was employed at the time of her injury with lost wages. Plaintiff will continue to incur medical bills for treatment of the injuries in the future and future pain and suffering as a direct and proximate cause of her injuries.

## VII.

Plaintiff's painful, permanent, and serious injuries, sufferings, and damages and loss of earnings were solely and proximately caused by the negligence of the Defendant; more specifically, Defendant failed to fulfill its non-delegable duty to Plaintiff as a business invitee to furnish her with a reasonably safe place in which to walk and shop without permitting set pot hole, a dangerous condition, to exist in an area approximately thirty (30) feet from the main entrance where patrons walk to and from their vehicles. In addition, Defendant failed to adequately warn Plaintiff and other business invitees of the existence of the above dangerous condition by placing signs or safeguards around it to adequately warn of its existence which it

knew or in the exercise of reasonable care, should have known presented a hazard and danger to patrons of the store who would be entering and exiting for the purpose of shopping therein. More specifically, the Defendant owed Plaintiff a duty as a business invitee to furnish its customers and patrons, including Plaintiff, with a relatively safe place in which to walk and in addition, failed to adequately warn of the existence of the above dangerous conditions or take any steps to safeguard it.

**VIII.**

Plaintiff's foregoing injuries have interfered with her ability to perform her daily tasks, exercise, and enjoy life which she was able to do prior to her injury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff SARAH OLIER files this, her suit against the Defendant and demands Judgment of and from the Defendant in an amount which will fully and fairly compensate her for all of her above injuries, sufferings, and damages, past, present, and future, together with all costs of this proceeding.

RESPECTFULLY SUBMITTED,

SARAH OLIER, PLAINTIFF

By: _____
WALTER L. NIXON JR., ESQ.

PREPARED AND PRESENTED BY:

WALTER L. NIXON, JR., ESQUIRE
MS BAR NO: 3865
POST OFFICE BOX 409
BILOXI, MS 39533
TELEPHONE: 228-435-7733
FACSIMILE: 228-435-7737

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

| Court Identification | Case Year | Docket Number |
|---|---|---|
| Docket Number | | |

Court Identification Docket Number: `2 4 2 C 0`
County #: 24    Judicial District (CH, Cl, CO)    Court ID: CO

Case Year: `2 0 1 1`

Docket Number: `0 0 9 9 6`
Local Docket ID

`1 2 8 1 1`
Month  Date  Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94

IN THE COUNTY COURT OF HARRISON COUNTY

Short Style of Case: Sarah Olier vs. Walmart Stores, Inc.
Party Filing Initial Pleading: Type/Print Name Walter L. Nixon Jr.        MS Bar No. 3865
___ Check (✓) if Not an Attorney ___ Check (✓) if *Pro Hac Vice*   Signature ___
Compensatory Damages Sought:  $ ___   Punitive Damages Sought:  $ ___
*Is Child Support contemplated as an issue in this suit?* ___ Yes  ✓ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual  Olier / Sarah                    ( ___ )
       Last Name   First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV
Address of Plaintiff 14496 Dobson Road, Biloxi, MS 39532
___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
     Estate of ___
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
     D/B/A / Agency ___
Business ___
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
     D/B/A: ___

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual  Walmart Stores, Inc.                ( ___ )
       Last Name   First Name       Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV
✓ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
     Estate of 702 SW 8th Street, Dept. 8687, M.S. #0555, Bentonville, AR 72716
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
     D/B/A / Agency ___
Business ___
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
     D/B/A: ___
ATTORNEY FOR THIS DEFENDANT: ___ Bar No. ___ or Name: ___     *Pro Hac Vice* (✓) ___
       (if known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other ___

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other ___

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other ___

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other ___

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other ___

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other ___

**Children and Minors - Non-Domestic**
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other ___

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- ✓ Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- Other ___

**Mass Tort**
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other ___

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other ___

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other ___

## County Court District 2

## Gayle Parker, Circuit Clerk

**PO BOX 235**
**730 Dr. Martin Luther King Blvd**
**Biloxi, MS 39533**
**(228) 435-8232**

**DUPLICATE**

---

Received From:    Nixon, Walter L. Jr.
Po Box 409
Attorney At Law
BILOXI, MS 39533

Date: 12/28/2011
Receipt #: **18966**

Clerk: KJS

Paying for:    Olier, Sarah

Transaction Type:    Civil

Payment Type:    Check    $126.00

Total Paid    $126.00

Reference #: 9365

Original Case #:

Comment:

| Case # | Caption | Previous Balance | Amount Paid | Balance Due |
|---|---|---|---|---|
| D24021100996 | Sarah Olier vs Walmart Stores, Inc | $126.00 | $126.00 | $0.00 |